WRIGHT, J.,
delivered the opinion of the Court.
This was an action to recover $25 00, and judgment being against the plaintiff, he has appealed to this Court.
It appears that defendant had taken of Cravens and others a verbal lease to certain coal lands, under which he had possession and was digging coal. At this stage of things, the plaintiff and defendant entered into the *619 following agreement: “I agree to give Gr. W. Haskell ten clay’s time to decide whether he will give me $51000 00 for an equal share in all my mining operations at Running Water, in which time he is to have the preference, and I will consider no other proposition in the time from any other person. August 12, 1854.
J. YATJGHAÍT.”
This arrangement had been brought about through the agency of a brother of defendant. After this, the plaintiff stated to said brother that he would take this proposition. This he did before the time expired, and afterwards declined taking it because he could not raise the money. After he had accepted the proposition, and before he had declined it, defendant sent to him, by his brother, for $50 00, to pay expenses, and he sent defendant the $25 00, now sued for. Defendant had a, misunderstanding with Cravens and others, and after some year or so, they put him out of possession, and plaintiff never having received any interest in the mining-operations of defendant, and, in fact, having declined it, sued to recover back the $25 00.
The Court charged the jury that if the money was paid on a parol contract for the purchase of -land, or an interest therein, the contract was void, because not reduced to writing, and -the plaintiff might recover the money back. But if the money was expended in expenses, in lifting coal, and in carrying on joint or partnership mining operations, and was furnished for that purpose, the plaintiff could not recover it back, and particularly in a Court of Law.
There is no error in this charge, and the facts well warranted the verdict. It is clear that the $25 00 here *620 ■advanced to meet expenses incurred after the plaintiff had accepted an interest, and before be bad refused it. It was an outlay in getting coal, on tbe joint account of tbe plaintiff and defendant. How, then, could be, without a general settlement, reclaim this $25 00 ? It can make no difference, that tbeir joint operations were afterwards defeated.
Affirm tbe judgment.